**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CROSSFIT, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>GP FITNESS, LLC,<br><br>                          Defendant. | CASE NO.:<br><br><br>**COMPLAINT** |

Plaintiff CrossFit, LLC ("CrossFit"), by and through undersigned counsel, alleges for its Complaint against GP Fitness, LLC d/b/a North Beach Health Club of Cape May ("North Beach" or "Defendant"), as follows:

## PARTIES

1.     Plaintiff CrossFit, LLC is a Delaware limited liability company with its principal place of business located in Boulder, Colorado.

2.     Defendant GP Fitness, LLC d/b/a North Beach Health Club of Cape May is a New Jersey limited liability company with its principal place of business located in North Cape May, New Jersey.  Specifically, North Beach's most recently-registered business address with the New Jersey Department of the Treasury is 3845 Bayshore Road, Units 14-16, North Cape May, New Jersey 08204.

## PRELIMINARY STATEMENT

3.     This is an action for ongoing, willful trademark infringement by Defendant North Beach, stemming from Defendant's continued and unauthorized use of the CROSSFIT® marks despite repeated communications requesting Defendant to cease such infringing uses.

///

## JURISDICTION AND VENUE

4.    This Court has personal jurisdiction over Defendant because it is a domestic limited liability corporation with its principal place of business in the State of New Jersey.

5.    This Court has original subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the claims under the Lanham Act.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to CrossFit's claims occurred here and because Defendant resides in this judicial district.

## FACTUAL BACKGROUND

### A.    Plaintiff CrossFit's Intellectual Property Rights

7.    CrossFit and its corporate predecessors have developed a revolutionary fitness training regimen that has become the principal strength and conditioning program for many police academies and tactical operations teams, military special operations units, champion martial artists, and millions of athletes worldwide.

8.    The CROSSFIT® brand is of particular value in the competitive "small-box" fitness training industry, and so CrossFit is careful to cultivate, maintain, and protect the intellectual property rights that have enabled it to amass such considerable goodwill within its industry.

9.    To that end, CrossFit diligently protects its intellectual property through trademark registrations.  Indeed, CrossFit owns several federally-registered trademarks that contain the word

"CROSSFIT"—including one registered more than 15-years ago—some examples of which are identified below:[1]

| U.S. Reg. No. | Mark |
|---|---|
| 3,007,458 | CROSSFIT |
| 4,049,689 | CROSSFIT |
| 4,053,443 | CROSSFIT |
| 4,895,992 | CROSSFIT |
| 5,045,737 | CROSSFIT |

10.     These CROSSFIT® Marks have been in continuous use in commerce, since at least the dates of first use identified in the respective registrations to the present.

11.     The federal trademark registrations for the CROSSFIT® Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of CrossFit's exclusive ownership of the CROSSFIT® Marks.

12.     In addition, CrossFit has accrued common law rights in the CROSSFIT mark for use in connection with goods and services not-yet-registered or not otherwise covered by its existing registrations.

13.     Overall, these CROSSFIT® Marks are widely recognized around the world, and consumers readily and singularly associate the CROSSFIT® Marks and the CROSSFIT® brand with CrossFit's business and services.

14.     Accordingly, CrossFit licenses the use of its intellectual property—including the CROSSFIT® Marks—only to affiliates that have received particularized training and certification from CrossFit.

---

[1] The various CROSSFIT marks specifically identified here in Paragraph 12 are collectively referred to as the "CROSSFIT® Marks."

15.     Specifically, CrossFit provides a nationally-standardized certificate program to personal trainers who wish to become licensed CROSSFIT® affiliates.   Individuals who successfully complete CrossFit's certificate program, and meet other requirements for affiliation, are eligible to enter into annually-renewable "affiliate license agreements" that permit limited use of the CROSSFIT® Marks (subject to various conditions).

16.     Only individuals who have completed CrossFit's certificate process and have entered into valid affiliate license agreements are permitted to use the CROSSFIT® Marks.

**B.     Defendant's Infringement**

17.     CrossFit has never entered into any contractual relationship—licensing or otherwise—with Defendant North Beach or its proprietor, Ms. Gloria Pizza-Nichols.

18.     On or around June 28, 2023, after discovering North Beach was offering CrossFit-branded training classes and utilizing the CROSSFIT® Marks on its website and on social media, a member of CrossFit's in-house legal team sent North Beach an email regarding its need to remove the CrossFit branding from its operations.  Specifically, CrossFit requested North Beach remove all CROSSFIT® Marks from the northbeachgym.com domain, remove all CROSSFIT® Marks from North Beach's social media accounts, and remove all CROSSFIT® Marks from North Beach's physical facility (including on-site signage).

19.     After North Beach did not respond, CrossFit's in-house legal team followed up with North Beach again in July 2023 and August 2023.  North Beach did not respond to any of these communications.

20.     On or around September 27, 2023, a member of CrossFit's outside counsel sent North Beach and Ms. Pizza-Nichols a letter—with follow-up email on October 13, 2023—regarding their need to remove CrossFit branding from North Beach's operations.  That September

2023 communication again identified specific issues with North Beach's website and social media, as well as in-person usage of the CROSSFIT® Marks, including external signage at the gym.

21.     Despite these repeated attempts by CrossFit to get North Beach to voluntarily cease-and-desist its infringing use of the CROSSFIT® Marks, Defendant continues to utilize them.

22.     For example, North Beach's online "Class Schedule" (available at http://northbeachgym.com/class-schedule) uses "CrossFit" twice in advertising a specific class on Saturday mornings.  A true and correct copy of that URL, as it appeared on January 31, 2024, is attached hereto as Exhibit 1, an excerpt of which is reproduced here:

**Saturday**

8:00 AM   CrossFit
A high intensity workout program, utilizing & strengthening every part of the body, through an array of movements; mainly, lifts and gymnastics.  Just as every participant is different from one another, so are the workouts.  We use dumbbells, bars, kettlebells, jump ropes, climbing ropes, rings, sandbags, and more with basic functional moves like squatting, pressing, dead lifting, running, and jumping.
Level: Intermediate to Advanced

23.     Additionally, as of November 18, 2023, Defendant was improperly advertising infringing "CROSSFIT" classes on a large sign outside its North Cape May, NJ location as shown in the excerpt of a photograph reproduced below:



## COUNT ONE
### *Federal Trademark Infringement*
### *(Against Defendant)*

24.    CrossFit repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

25.    Defendant used the CROSSFIT® Marks and confusingly similar marks to identify the services provided from Defendant as those of CrossFit or an authorized CrossFit affiliate.

26.    CrossFit did not consent to Defendant's use of the CROSSFIT® Marks for the sale, offer of sale, or advertising of Defendant's services and the foregoing use was designed to cause confusion, cause mistake, and to deceive the public.

27.    Defendant has infringed the CROSSFIT® Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28.    Through its unlawful use and display of the CROSSFIT® Marks, Defendant has profited and CrossFit has been damaged.

29.    The foregoing acts were done knowingly and intentionally to cause confusion, cause mistake, and/or to deceive.

30.    As a result, CrossFit has suffered and continues to suffer irreparable injury and has incurred and continues to incur monetary damage in an amount to be determined at trial.

## COUNT TWO
### *False Designation and Misrepresentation of Origin*
### *(Against Defendant)*

31.    CrossFit repeats and re-alleges the foregoing allegations as if fully set forth herein.

32.    Defendant used the CROSSFIT® Marks and confusingly similar marks to identify the services provided from Defendant as those of CrossFit or an authorized CrossFit affiliate.

33.    Defendant's use of the CROSSFIT® Marks and maintenance of a website referencing CrossFit classes is likely to cause confusion, cause mistake, and/or deceive as to

Defendant's affiliation, connection, or association with CrossFit, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

34.     The foregoing unlawful conduct described herein constitutes false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     As a direct and proximate result of the foregoing wrongful conduct, CrossFit has suffered damages to the value of the CROSSFIT® Marks and to customer goodwill.

36.     Defendant's acts were done knowingly and intentionally to cause confusion, to cause mistake, and/or to deceive.

37.     As a result, CrossFit has suffered and continues to suffer irreparable injury and has incurred and continues to incur monetary damage in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, CrossFit prays for judgment against Defendant and:

1.     For preliminary and permanent injunctive relief, preventing Defendant North Beach from using the CROSSFIT® Marks in any way;

2.     For an accounting of Defendant North Beach's revenues and profits resulting from Defendant's trademark infringement, and the trebling of such damages because of the knowing, intentional, willful, and wanton nature of Defendant's conduct;

3.     For a monetary award to CrossFit, against Defendant North Beach, in an amount to be proven at trial, including, but not limited to, (i) actual damages suffered by CrossFit as a result of Defendant's infringement conduct; (ii) profits earned by Defendant as a result of its infringement; (iii) three times the monetary award assessed in view of Defendant's willful and wanton infringement; and (iv) CrossFit's reasonable attorneys' fees as an "exception" case pursuant to 15 U.S.C. § 1117;

4.      For a monetary award against Defendant North Beach for CrossFit's reasonable attorneys' fees and costs, in an amount to be proven at trial;

5.      For pre- and post-judgment interest; and

6.      For such other relief as the Court deems just and appropriate.

**JURY DEMAND**

CrossFit demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:  February 5, 2024

GORDON REES SCULLY MANSUKHANI, LLP
*Counsel for Plaintiff CrossFit, LLC*


JoAnna M. Doherty

18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
(973) 549-2527
jmdoherty@grsm.com